**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| NATALIE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00442 |
| ) | |
| NATIONAL HEALTHCARE ) | |
| COLLECTIONS, LLC, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff Natalie Anderson brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because the Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## PARTIES

3. Plaintiff, Natalie Anderson ("Plaintiff"), is an individual who resides in the Eastern District of Missouri, from whom Defendant attempted to collect a delinquent consumer

debt allegedly owed for a defaulted Mid Co Ortho Surgery & Sports consumer medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, National Healthcare Collections, LLC, ("NHC") is a Missouri limited liability company with principal offices at 220 Salt Lick Road, St. Peters, MO 63376. (Exhibit A, Record from the Missouri Secretary of State).

5. NHC acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## FACTS

6. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Mid Co Ortho Surgery & Sports medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

7. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

8. NHC was subsequently hired, authorized, or otherwise assigned to collect the alleged debt from Plaintiff.

9. On or about June 12, 2014, NHC mailed Plaintiff a collection letter (" Letter"). (Exhibit B, Collection Letter).

10. The Letter conveyed various information regarding the account directly to Plaintiff, including the balance due, the identity of the original creditor, and the account number.

11. The Letter conveyed an account number ending in 831.

12. In fact, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address.

14. Included next to the Plaintiff's name was a number.

15. The number ("Account Number") matches Plaintiff's account number for the alleged debt, ending in 831.

16. The Account Number is visible through the window of the envelope.

17. The Account Number is not part of the debt collector's address.

18. The Account Number is not part of the debt collector's name.

19. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

20. NHC used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

21. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

22. The Letter stated in part:

>Unless you notify us <u>in writing</u> within 30 say of receiving this notice that you dispute the validity of this debt, or any portion thereof, NHC shall assume the amount of the debt to be valid.

(Emphasis added)

23. The Letter falsely stated Plaintiff was required to dispute the debt *in writing* within 30 days after the receipt of the notice.

24. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . .(3) a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any potion thereof, the debt will be assumed to be valid by the debt collector; . . .**

25. Defendant NHC falsely stated that disputes to the validity of the alleged debt must be made in writing, in violation of 15 U.S.C. § 1692g(a)(3).

26. It is not required that a dispute be in writing. *See Hooks v. Forman, Holt, Eliades &Raven, LLC*, 717 F.3d 282 (2nd Cir. 2013); *Camacho v. Bridgeport Fin. Inc*, 430 F.3d 1078 (9th Cir. 2005); *Dana Clark v. Absolute Collection Svc.*, 5:12-cv-00400-BO (E.D.N.C. 2014) (*vac'd, rem'd* per curiam 4th Cir.).

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the above as if set forth fully in this count.

29. Defendant NHC used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

30. Defendant NHC falsely stated that disputes to the validity of the alleged debt must be made in writing, in violation of 15 U.S.C. § 1692g(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant National Healthcare Collections, LLC as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael D. Toscano
Attorney for Plaintiff

Michael D. Toscano, Esq.
*Callahan Law Firm, LLC*
11628 Old Ballas Rd., Suite 224
St. Louis, MO 63141
Ph: 314-669-2525
Fax: 314-395-9214
Bar No. 64183